56 CCPA

### Application of Naomi DuPUIS.
### Patent Appeal No. 8030.

United States Court of Customs
and Patent Appeals.
Nov. 27, 1968.

Herbert J. Brown, Fort Worth, Tex.,
John C. Stahl, San Antonio, Tex., for
appellant.

Joseph Schimmel, Washington, D. C.,
(Jere W. Sears, Washington, D. C., of
counsel) for Commissioner of Patents.

Before WORLEY, Chief Judge, and
RICH, SMITH, ALMOND and BALD-
WIN, Judges.

WORLEY, Chief Judge.

The issue here is whether the Board
of Appeals committed reversible error in
affirming the examiner's rejection of
claims 1–4[1] as unpatentable over Kursh[2]
in view of Toellner[3] and Reinsberg[4] un-
der 35 U.S.C. § 103.

The invention relates to hair protec-
tors for use by women when applying
cosmetics to the face and neck. The
specification describes the state of the
prior art:

> Although hair bands or protectors
> have been proposed heretofore for the
> same general purpose they were objec-
> tionable for one reason or another.
> Primarily, prior protectors required
> moving the arms behind the head
> when the user applied the protector
> and such prior devices were not readi-
> ly adjustable to the hair line of the
> forehead and the back of the neck.
> Moreover, such prior protectors were
> tied by means of tapes at their ends
> or had fasteners at the back of the
> head which were difficult to engage.
> Additionally, fasteners at the back in-
> cluded projections of one kind or an-
> other which were objectionable be-
> cause they could not be seen by the
> user.

Appellant's solution to those problems
is a band having (1) an elastic secured
centrally of its lower edge to provide a
gathering or pocket for receiving the
hair at the back of the neck, and (2) a
fastener at its ends to permit the wearer
to secure the ends at the forehead, as re-
flected in claims 1 and 2:

> 1. A hair protector comprising an
> elongate band having a longitudinal
> upper edge and a longitudinal lower
> edge, an elastic secured to said lower
> edge between the ends thereof and
> only along the center portion thereof,
> said band being gathered where it is
> secured to said elastic to provide a
> hair receiving pocket, and a fastener
> on the ends of said band.

> 2. A hair protector as defined in
> claim 1 wherein said fastener is com-

---

1. Appearing in application serial No. 304,-
488, filed August 26, 1963 and entitled
"Hair Protector."

2. U.S. Patent 2,806,224, issued Sept. 17,
1957.

3. U.S. Patent 2,817,090, issued Dec. 24,
1957.

4. U.S. Patent 3,111,679, issued Nov. 26,
1963.

prised of flexible patches having interengageable mating surfaces.

Claims 3 and 4 differ from the above in additionally reciting particular materials of which the band is made, but appellant does not appear to have attached any patentable significance to those limitations below.

The examiner noted that Kursh shows an elongated band used to protect the hair during the application and removal of cosmetics. The band is fastened at the forehead by tying and is of a length to encircle the head twice at the hairline, although it "may be cut in half or shorter lengths, and used as a hair bow, or as a bandeau.[5] " The bandeau, said the board, "will be substantially of the same length as appellant's and would lack only the fastening patches and the elastic gathering, which are shown to be conventional means for the same purpose in the art by the patents to Reinsberg and Toellner, respectively."

Our review of the record in light of appellant's arguments satisfies us that the board did not commit the reversible error complained of. While we appreciate appellant's position, we agree with the examiner and board that one of ordinary skill in this art would find it obvious to adapt the snood of Toellner's head covering, designed as it is to "cover and confine hair worn in a variety of hair styles," for use as a portion of the band of Kursh, particularly if it were found that Kursh's band tended to unduly bind the hair to the wearer's head. Similarly, the substitution of convenient interengageable plastic patches for the tie fastening means of Kursh would be obvious to those in the relevant art in view of Reinsberg's disclosure of the use of the former fastening means[6] to secure the front flaps of his hair screen.

The decision is affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.

56 CCPA

5. Webster's New Collegiate Dictionary (1953) defines "bandeau" as "A narrow band; esp., a fillet for the hair." A "fillet" in turn, is "A little band, esp. one to encircle the hair. Cf. SNOOD, Illust." A "snood" is "A band or ribbon for encircling a woman's hair" and "A coarse hair net or fabric bag worn by women, sometimes attached to a hat, for holding the back hair loosely folded against the nape."

6. Both appellant's specification and Reinsberg identify the interengageable plastic fasteners contemplated by them as available commercially under the name "Velcro".